**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| HAWAII DISCOUNT, LLC, d/b/a Hawaiidiscount.com, LLC, ) ) ) Plaintiff, ) ) vs. ) ) HAWAII SUNSET EVENTS, LLC, d/b/a ) CHIEF'S LUAU; TEUILA HAWAII, LLC; ) and ROBERT'S HAWAII, LLC ) ) Defendants. ) _____) | No. 2:21-cv-02011-DCN  **ORDER** |

The following matter is before the court on plaintiff Hawaii Discount, LLC, d/b/a Hawaiidiscount.com, LLC's ("Hawaii Discount") motions to amend complaint, ECF Nos. 12, 35–36, and defendant Hawaii Sunset Events, LLC's, d/b/a Chief's Luau, ("HSE") motion for summary judgment, ECF No. 20. For the reasons set forth below, the court grants in part and denies in part the motions to amend the complaint and grants the motion for summary judgment.

## I.   BACKGROUND

Edward Sax ("Sax") was the creator and president of HSE, and he sought to create a traditional Hawaiian luau show based in Oahu, Hawaii. Sax and his business partner, Folosielu Avea ("Avea") each owned fifty percent of HSE. According to Hawaii Discount, Sax later transferred his interest in HSE to Scott Williams, as family trustee of the Edward J. Sax Family Protection Trust (the "Trust").

To bring the show to fruition, HSE sought the help of Hawaii Discount, a company that sells discount tickets through online portals to tourist attractions, tours, and

1

events across Hawaii. HSE and Hawaii Discount entered into an agreement that was signed on February 12, 2012 (the "Agreement"). Under the terms of the Agreement, Hawaii Discount would own, control, and optimize HSE's website while promoting the luau—known as Chief's Luau—on its other platforms. Hawaii Discount also agreed to operate a call center for Chief's Luau's ticket sales.

According to Hawaii Discount, as Chief's Luau's success grew, so did Sax's ambition to own a greater degree of control over the brand. For instance, Hawaii Discount alleges that Sax created a holding company, defendant Teuila Hawaii, LLC ("Teuila Hawaii"), and it became the holder of HSE's interest in the Agreement. In 2020, HSE and Teuila Hawaii were dissolved and sold to a group of buyers that included defendant Robert's Hawaii, Inc. ("Robert's Hawaii"). Hawaii Discount alleges that through various improper actions, Teuila Hawaii and Robert's Hawaii attempted to breach the Agreement due to a belief that Robert's Hawaii could perform the work that Hawaii Discount was doing.

On June 16, 2021, Hawaii Discount filed a complaint against HSE and Teuila Hawaii in the Charleston County Court of Common Pleas, seeking a declaratory judgment that the parties were engaged in a common law partnership and that Hawaii Discount was the owner of the Chief's Luau internet domain name. ECF No. 1-1, Compl. On July 6, 2021, Teuila Hawaii (together with Robert's Hawaii and HSE, "defendants")[1] removed the action to this court. ECF No. 1. On July 28, 2021, Hawaii

---

[1] The court presumes that HSE was not included in the notice of removal because defendants maintain that HSE is not a properly-named defendant. However, the court refers to HSE, Teuila Hawaii, and Robert's Hawaii collectively as defendants for ease of reference.

Discount filed its first amended complaint, ECF No. 6, whereby it added Robert's Hawaii as a defendant and eight additional causes of action.[2]

On October 5, 2021, Hawaii Discount filed a motion to amend its complaint. ECF No. 12. Defendants responded in opposition on October 26, 2021, ECF No. 19, and Hawaii Discount replied on November 12, 2021, ECF No. 25. On October 26, 2021, defendants filed a motion for summary judgment on all claims asserted against HSE. ECF No. 20. Hawaii Discount responded in opposition on November 12, 2021, ECF No. 24, and defendants replied on December 1, 2021, ECF No. 30. On January 28, 2022, Hawaii Discount filed a second motion to amend its complaint, ECF No. 35, and on January 30, it filed a third motion to amend its complaint, ECF No. 36. On January 31, 2022, defendants responded to both motions. ECF No. 39. The court held a telephonic hearing on the motions on February 2, 2022. ECF No. 41. As such, all motions have been fully briefed and are now ripe for review.

## II. STANDARD

### A. Motion to Amend

Federal Rule of Civil Procedure 15(a)(1) provides:

A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

---

[2] These are, in order: (2) breach of fiduciary duty, (3) breach of contract, (4) breach of contract accompanied by fraudulent act by HSE and Temuila Hawaii, (5) unfair competition in violation of 15 U.S.C. § 1225(a) by Temuila Hawaii, (6) fraudulent assignment by Temuila Hawaii, (7) conversion by Temuila Hawaii, (8) tortious interference with contract by Robert's Hawaii, and (9) aiding and abetting breach of fiduciary duty by Robert's Hawaii.

Fed. R. Civ. P. 15(a)(1). "In all other cases a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "A motion to amend should be denied 'only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" HCMF Corp. v. Allen, 238 F.3d 273, 276 (4th Cir. 2001) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999)) (emphasis in original). "A proposed amendment is futile . . . if the claim it presents would not survive a motion to dismiss." Save Our Sound OBX, Inc. v. N.C. Dep't of Transp., 914 F.3d 213, 228 (4th Cir. 2019) (internal quotation marks and citation omitted). As such, "[w]hen determining whether a proposed amendment is futile, a court should construe the amendment in the light most favorable to the party moving for amendment." Citibank USA, Nat'l Ass'n v. Ragsdale, 2006 WL 8438585, at *1 (E.D.N.C. Dec. 6, 2006).

### B. Motion for Summary Judgment

Summary judgment shall be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. "[S]ummary

judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. The court should view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor. Id. at 255.

### III.  DISCUSSION

There are four motions before the court: Hawaii Discount's three motions to amend the complaint and HSE's motion for summary judgment. Since the discussion of Hawaii Discount's motions to amend and add Sax, Avea, and the Trust as defendants follows naturally from the discussion of the statute of limitations under the motion summary judgment, the court addresses the motion for summary judgment first, followed by the motions to amend the complaint.

**A. Motion for Summary Judgment**

In their motion for summary judgment, defendants seek to dismiss all claims against HSE as time-barred. Specifically, defendants argue that Hawaii Discount "did not commence this action within the time period required by Hawaii Revised Statutes § 428-808." ECF No. 20 at 1. That statute provides:

> (c) If a dissolved limited liability company publishes a notice in accordance with subsection (b), the claim of each of the following claimants is barred unless the claimant commences a proceeding to enforce the claim against the dissolved company within two years after the later of the last publication date of the notice or the date of filing of the articles of termination:
>
> > (1) A claimant who did not receive written notice under section 428-807;
> >
> > (2) A claimant whose claim was timely sent to the dissolved company but not acted on; and

5

> (3) A claimant whose claim is contingent or based on an event occurring after the effective date of dissolution.

Haw. Rev. Stat. Ann. § 428-808(c). Defendants present evidence that HSE published its notice and intent to dissolve and terminate in accordance with Haw. Rev. Stat. § 428-808(b) in December 2017 and January 2018, respectively, and it filed its articles of termination in February 2018. ECF No. 20 at 5 (citing ECF Nos. 20-1, 20-2, 20-3). Hawaii Discount first brought claims against defendants in June 2021, more than three years after the dissolution and termination of HSE. Therefore, it is uncontroverted that Hawaii Discount's claims against HSE are time-barred under § 428-808(c).

In response, Hawaii Discount raises three arguments. First, Hawaii Discount argues that the two-year time limitation under the statute does not apply to its claims against the members of HSE. Second, it argues that even if the claims were subject to the time limitation, the limitations period should be equitably tolled. Finally, it argues, in the alternative, that South Carolina law applies. The court addresses each argument in turn.

### 1. Hawaii Revised Statute § 428-808

Hawaii Discount first argues that the two-year limitation period under Haw. Rev. Stat. § 428-808 does not fully apply. Instead, it points to another provision in the statute:

> (d) A claim not barred under this section may be enforced:
>
> (1) Against the dissolved limited liability company, to the extent of its undistributed assets; or
>
> (2) <u>If the assets have been distributed in liquidation, against a member of the dissolved company to the extent of the member's proportionate share of the claim or the company's assets distributed to the member in liquidation</u>, whichever is less; provided that a member's total liability for all claims under this section may not exceed the total amount of assets distributed to the member.

6

Haw. Rev. Stat. § 428-808(d) (emphasis in ECF No. 24 at 4). Hawaii Discount argues that based on this provision, its claims may still be properly brought against Sax—and presumably, Avea—as members of a dissolved company whose shares were distributed in liquidation. There has only been one published case that has analyzed this section, and the case did not concern subsection (d). See Trs. of Est. of Bishop v. Brewer Env't Indus., LLC, 2010 WL 11527403 (D. Haw. Feb. 23, 2010). Nevertheless, it is fairly clear that under subsection (d), a claim may only be enforced in such a way if it is "not barred under this section." Haw. Rev. Stat. § 428-808(d). Hawaii Discount does not dispute that it failed to enforce its claim within two years of HSE's notice or filing of the articles of termination, so it would follow that the conditions under subsection (d) need not be analyzed; the claim is already barred.

### 2. Equitable Tolling

In the alternative, Hawaii Discount contends that "HSE failed to adhere to its fiduciary obligations," and therefore, the court should equitably toll the statute of limitations. ECF No. 24 at 6. Hawaii Discount invokes Hooper v. Ebenezer Senior Services & Rehabilitation Center, 687 S.E.2d 29, 32 (S.C. 2009). In particular, Hawaii Discount relies on the Hooper court's statement that there is no "exclusive list of circumstances that justify the application of equitable tolling" and that "[t]he equitable power of a court is not bound by cast-iron rules but exists to do fairness." Id. at 33. Hawaii Discount's argument is unavailing. Hawaii Discount ignores that the very same case explained, "[t]he party claiming the statute of limitations should be tolled bears the burden of establishing sufficient facts to justify its use." Id. In Hooper, the South Carolina Supreme Court also noted that equitable tolling "typically applies in cases where

a litigant was prevented from filing suit because of an extraordinary event beyond his or her control." Id. In general, equitable tolling is appropriate:

> (1) where the plaintiff has actively pursued his or her judicial remedies by filing a timely but defective pleading; (2) where extraordinary circumstances outside the plaintiff's control make it impossible for the plaintiff to timely assert his or her claim; or (3) where the plaintiff, by exercising reasonable diligence, could not have discovered essential information bearing on his or her claim.

Id. While Hawaii Discount is correct that these circumstances are not an exclusive list, the court cautioned that equitable tolling "should be used sparingly and only when the interests of justice compel its use." Id. at 33.

There are no circumstances showing that Hawaii Discount was prevented from timely filing suit. Instead, Hawaii Discount, in essence, argues that HSE should have told Hawaii Discount of its dissolution based on the fiduciary duties that HSE owed to Hawaii Discount as a partner. Defendants respond that the Agreement between HSE and Hawaii Discount did not give rise to a partnership, but the court need not resolve this issue at this time. Even if the court were to eventually find that there was a partnership—a dubious proposition at best—and that the fiduciary duties included the need to provide actual notice, Hawaii Discount should have still been able to exercise reasonable diligence in bringing its claim. According to Hawaii Discount's supporting documents, there was evidence it was being wronged by HSE as early as 2016,[3] thus, it should have been able to bring claims against HSE from then until January 2020—two years after the company's dissolution. Certainly, Hawaii Discount also alleges that some of defendants' wrongdoings did not occur until 2021. See, e.g., Amend. Compl. ¶ 24. However, these

---

[3] See ECF No. 29, Fradella Aff. ¶¶ 3–4 (describing email sent from Sax on November 29, 2016); ECF No. 29-1 at 2.

8

discoveries do not simply restart the clock. At bottom, even if Hawaii Discount and HSE had a partnership such that HSE should have informed Hawaii Discount of its dissolution in addition to it publishing a notice in the newspaper, HSE's alleged breach of a fiduciary duty neither prevented Hawaii Discount from going to court nor otherwise misled Hawaii Discount into believing that they did not have a valid claim. In this sense, these circumstances are distinguishable from those found in other cases that applied equitable tolling. See, e.g., Am. Legion Post 15 v. Horry Cnty., 674 S.E.2d 181, 184 (S.C. Ct. App. 2009) (observing that there was no evidence of the defendant "actively misleading" the plaintiffs such that the plaintiffs were prevented "from learning of the governing statutes").

Moreover, defendants argue that Haw. Rev. Stat. § 428-808 is a "nonclaim statute," which, they maintain, is not subject to equitable tolling. ECF No. 30 at 3. Even if Hawaii Discount were able to prove that the statute of limitations should be equitably tolled, the court finds that in the alternative, equitable considerations may not be weighed under Haw. Rev. Stat. § 428-808 because it is a nonclaim statute. As the court will more thoroughly discuss in the following section, the Agreement contains a choice-of-law provision that should be effectuated as to matters related to statutory interpretation, even when the underlying provision at issue is a foreign statute. See Abellan v. HRDS Le Roy IL, LLC, 2018 WL 6247260, at *5 (C.D. Ill. Nov. 29, 2018), aff'd 948 F.3d 820 (applying Illinois rules of statutory construction to analyze Wyoming limited liability statute). As such, the court joins the parties in applying South Carolina law to analyze whether Haw. Rev. Stat. § 428-808 is a statute of limitations or a nonclaim statute.

Under South Carolina law, the court finds that Haw. Rev. Stat. § 428-808 is a nonclaim statute. Although South Carolina courts have not often analyzed whether a statute is a nonclaim statute beyond provisions in the probate code, the South Carolina Supreme Court did not limit its definition of a nonclaim statute to that context:

> A statute is a nonclaim statute if there is a clearly evidenced legislative intent in the statute to not merely withhold the remedy, but to take away the right of recovery when a claimant fails to present his or her claim as provided in the statute. The language creating a nonclaim statute must indicate clearly that a failure to comply with its terms bars the claim, that filing is a condition to the existence of the claim, or that failure to file deprives the court of jurisdiction.

In re Estate of Hover, 754 S.E.2d 875, 881–82 (S.C. 2014) (quoting 51 Am. Jur. 2d Limitation of Actions § 3 (2011)). Here, the court finds that the statute clearly forecloses not only the right to a remedy but the right to bring a claim outside of the two-year period. The provision at issue specifically provides that the claim "<u>is barred unless</u> the claimant commences a proceeding to enforce the claim against the dissolved company within two years after the later of the last publication date of the notice or the date of filing of the articles of termination." Haw. Rev. Stat. § 428-808(c) (emphasis added). The statute therefore eliminates a claimant's right of action and deprives the court of the power to adjudicate the claim, unlike a statute of limitations where a plaintiff would be able to bring a claim in the absence of the statute of limitations as an affirmative defense.

Under South Carolina law, "equitable considerations are not a factor in [a] claims-barring analysis" and such considerations cannot "'override' or eliminate the nonclaim statute." Hover, 754 S.E.2d at 884; see also Phillips v. Quick, 731 S.E.2d 327, 329 (S.C. Ct. App. 2012) ("While equitable principles may extend the time for commencing an action under statutes of limitation, nonclaim statutes impose a condition precedent to the enforcement of a right of action and are not subject to equitable exceptions."). Since

Haw. Rev. Stat. § 428-808 is a nonclaim statute, Hawaii Discount's arguments about equitable tolling are unable to move the needle on the two-year time limit for bringing its claims. Therefore, under either avenue, Hawaii Discount's claim may not be equitably tolled.

### 3. South Carolina Law

Finally, Hawaii Discount argues that there is a choice-of-law provision in the Agreement providing that South Carolina law applies. Specifically, Hawaii Discount argues that S.C. Code Ann. § 33-44-808, which provides South Carolina's limitations period, is applicable between the parties.

As a preliminary matter, the court must address whether the choice-of-law provision should be effectuated. The Agreement provides: "This contract shall be governed by the laws of the County of Charleston in the State of South Carolina and any applicable Federal law." ECF No. 6-2 at 2.

A federal court tasked with applying state law must apply the forum state's choice-of-law rules. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). The choice-of-law provision at issue clearly applies to a contract: the Agreement. Traditional South Carolina choice-of-law rules dictate that "contracts are to be governed as to their nature, validity and interpretation by the law of the place where they are made, unless the contracting parties clearly appear to have had some other place in view." Lister v. NationsBank of Del., N.A., 494 S.E.2d 449, 455 (S.C. Ct. App. 1997) (quoting Livingston v. Atl. Coast Line R.R., 180 S.E. 343, 345 (S.C. 1935)). Here, the parties appeared to have a "place in view" because the Agreement specified that South Carolina law applied. However, the weight of authority suggests that a party may waive

enforcement of a choice-of-law provision by failing to assert it. See Williams v. BASF Catalysts LLC, 765 F.3d 306, 316 (3d Cir. 2014) ("All U.S. Courts of Appeals to have addressed the issue have held that choice-of-law issues may be waived."); see also Bilancia v. Gen. Motors Corp., 538 F.2d 621, 623 (4th Cir. 1976). The issue, then, is whether, by only arguing for the choice-of-law provision in the alternative, Hawaii Discount has waived its right to assert the provision. For purposes of this motion, the court does not find that Hawaii Discount has waived the right to assert the provision. Therefore, the court proceeds to analyze whether the claims are barred under South Carolina law.

Hawaii Discount argues that South Carolina has a limitations period for claims against dissolved limited liability companies that is strikingly similar to Haw. Rev. Stat. § 428-808, as both states' limited liability laws are derived from the Uniform Limited Liability Company Act. South Carolina's version of the Uniform Limited Liability Company Act provides:

> (c) If a dissolved limited liability company publishes a notice in accordance with subsection (b), the claim of each of the following claimants is barred unless the claimant commences a proceeding to enforce the claim against the dissolved company within five years after the publication date of the notice:
>
> > (1) a claimant who did not receive written notice under Section 33-44-807;
> >
> > (2) a claimant whose claim was timely sent to the dissolved company but not acted on; and
> >
> > (3) a claimant whose claim is contingent or based on an event occurring after the effective date of dissolution.

S.C. Code Ann. § 33-44-808(c) (emphasis added). The relevant difference is that South Carolina's statute of limitations bars such claims after <u>five years</u> from a limited liability company's publication of its notice of dissolution, rather than two years.

Although the court has determined that there is a valid, enforceable choice-of-law provision specifying that South Carolina substantive law should apply, the court finds that the choice-of-law provision does not compel the court to apply S.C. Code Ann. § 33-44-808. The choice-of-law provision stated that the "contract shall be governed by the laws of . . . South Carolina," but that does not mean the rules surrounding the dissolution of HSE should also be governed by South Carolina law. In other words, the court reads the choice-of-law provision as only applying to issues of contract interpretation, while the issue before the court is a matter of limited liability company law. It is questionable that the parties could have even specified that anything but the law of the state where HSE was organized should apply on such issues; it is generally well-recognized that limited liability company dissolution provisions should be enforced under the laws of the state under which the limited liability company is organized. <u>See, e.g.</u>, <u>First United Bank & Tr. v. Square at Falling Run, LLC</u>, 2011 WL 1563108, at *6 (N.D. W. Va. Mar. 31, 2011), <u>adopted in part by</u> 2011 WL 1563027 (applying West Virginia dissolution provision to a West Virginia limited liability company).

Furthermore, by applying South Carolina's choice-of-law rules, the court would still apply Hawaii law because South Carolina's statute contemplates applying the law of the state where the limited liability is organized. S.C. Code § 33-44-1001(a) specifically provides that "Except as provided in Section 12-2-25 for single-member limited liability

companies,[4] the laws of the State or other jurisdiction under which a foreign limited liability company is organized govern its organization and internal affairs and the liability of its managers, members, and their transferees." S.C. Code § 33-44-1001(a). HSE was organized in Hawaii and is thus a "foreign limited liability company." As such, South Carolina's choice-of-law rules regarding limited liability companies provide that claims related to HSE's dissolution status are governed by the laws of the state under which it is organized, which is Hawaii. While the court can identify no case that analyzed S.C. Code § 33-44-1001(a) as a "substantive" rule, the court finds that its approach is consistent with results reached by other courts. In HOB Entertainment, Inc. v. SilkHOB, LLC, the court applied South Carolina's choice-of-law rules which, in turn, led it to apply § 33-44-1001(a). 2011 WL 321780, at *2 (D.S.C. Jan. 28, 2011). As a result, the court determined that the law of Delaware governed veil-piercing and alter-ego issues as they pertained to a limited liability company organized in Delaware. Even in a case that ultimately determined that claims could be brought against a dissolved limited liability company and its interest holders, the court applied the law of the state where the foreign limited liability company was organized when applying the relevant dissolution statute and the law of the forum when it related to matters of contract law. See Abellan, 2018 WL 6247260, at *5. In Abellan, the court was asked to consider whether a defendant had limited liability by virtue of being a dissolved entity. Like this court, the Abellan court applied the Erie doctrine and determined that "the breach of contract claim is governed by Illinois law," including for issues of statutory interpretation. Id. However, when it

---

[4] If HSE is a single-member limited liability company ("LLC"), that evidence is not presently before the court. Indeed, the fact that Sax (and later, the Trust) and Avea were joint members suggests that HSE was not a single-member LLC.

14

came to analyzing the relevant statute, the court analyzed the "plain language of the Wyoming statute" since the defendant was a Wyoming limited liability corporation.[5] Id. The court ultimately refused to give weight to Wyo. Stat. Ann. § 17-29-704(d) because there was no evidence that the LLC had dissolved. Id. While the Abellan court reached a different outcome, the approach accords with the one applied herein. Therefore, the court is satisfied that the two-year restriction on claims under Hawaii's limitations period trumps the five-year restriction under South Carolina's statute. For the reasons discussed in section III.A.1, Hawaii Discount's claims against HSE are accordingly time-barred.

    **B. Motion to Amend**

Since Hawaii Discount previously amended its complaint once as a matter of course, it must obtain defendants' written consent or the court's leave for the proposed amendments at hand. Hawaii Discount's first motion to amend seeks to amend its complaint in two respects: first, to add Sax as a defendant; and second, to rename Robert's Hawaii as "Robert's Hawaii, Inc." instead of "Robert's Hawaii, LLC." Defendants do not object to an amendment correcting Robert's Hawaii's name to reflect that it is a corporation, and the court grants the motion in that respect. Hawaii Discount's second and third motions to amend seek to add Avea and the Trust as defendants, respectively. Hawaii Discount agreed that its bases for adding Avea and the Trust are largely the same as its basis for adding Sax. Therefore, the court analyzes the proposed amendments to add Sax, Avea, and the Trust together.

---

[5] Although this was not specified in the district court opinion, the Seventh Circuit stated in its order on appeal that "HRDS and Lavelo[] were limited liability companies formed under the laws of Wyoming." Abellan II, 948 F.3d at 833.

Hawaii Discount first states that it seeks to add Sax, Avea, and the Trust as new defendants since defendants filed a motion for summary judgment to terminate HSE as a defendant. See ECF No. 12 at 1 ("First, it seeks to add Edward J. Sax as a defendant in response to the defendants' assertions that Hawaii Sunset Events, LLC has no liability because it is terminated."). Specifically, Hawaii Discount argues that "under Hawaiian law, individuals of a limited liability company are liable for the obligations of the company after its termination." ECF No. 12 at 1 (citing Haw. Rev. Stat. § 424-808(d)(2)). In response, defendants argue that the Hawaii statute "applies only where the claims against the dissolved company are 'not barred' by the statute." ECF No. 19 at 4. Because an amendment must be denied if it is futile, and an amendment is futile if the claim it presents would not survive a motion to dismiss, the court must determine whether the claim against Sax is time-barred and therefore futile.

The parties assume without explanation that Hawaii law applies to determine whether an individual member in a limited liability company may be named individually as a defendant in an action based on alleged obligations of the company. Upon consideration, the finds that the South Carolina choice-of-law provision does not apply in determining the applicable limited liability company law. Again, S.C. Code § 33-44-1001(a) provides that "the laws of the State or other jurisdiction under which a foreign limited liability company is organized govern its organization and internal affairs and the liability of its managers, members, and their transferees." S.C. Code § 33-44-1001(a) (emphasis added); see also J. William Callison & Maureen A. Sullivan, Partnership Law and Practice: General and Limited Partnerships § 33:7 (2021) ("[T]he members' liability for the obligations of a limited liability company should be determined by reference to

the laws of the state of organization."). Therefore, the court finds that the issue of individual liability is once again governed by Hawaiian law.

In support of its argument that Haw. Rev. Stat. § 424-808(d) provides the basis for bringing its claims against Sax, Avea, and the Trust, Hawaii Discount incorporates by reference the arguments it made in response to the motion for summary judgment. To reiterate, Hawaii Discount argues that § 424-808(d)(2) provides an independent basis for relief against a member in liquidation. The provision that Hawaii Discount relies upon states:

> (d) A claim not barred under this section may be enforced:
>
> > (1) Against the dissolved limited liability company, to the extent of its undistributed assets; or
> >
> > (2) If the assets have been distributed in liquidation, against a member of the dissolved company to the extent of the member's proportionate share of the claim or the company's assets distributed to the member in liquidation, whichever is less; provided that a member's total liability for all claims under this section may not exceed the total amount of assets distributed to the member.

Haw. Rev. Stat. § 428-808(d). As discussed in the court's analysis of the motion for summary judgment, the provision does not apply to time-barred claims. The South Carolina Supreme Court has noted many times that "[t]he cardinal rule of statutory construction is that words used therein must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand its operation." Hitachi Data Sys. Corp. v. Leatherman, 420 S.E.2d 843, 846 (S.C. 1992). The provision that Hawaii Discount relies upon clearly states that only a "claim not barred under this section may be enforced." Haw. Rev. Stat. § 428-808(d). The existence of a claim that is not barred is clearly a condition precedent for the provision to apply. Because the court has

17

determined that the claims against Sax, Avea, and the Trust[6] are time-barred, the court need not determine whether the dissolved limited liability company's assets were distributed in liquidation to Sax, Avea, or the Trust and whether a claim may be brought against a member's proportionate share of the claim of the assets.

While it is true that under Rule 15, courts should freely give leave to amend when justice so requires, the court is constrained against permitting amendments that cannot survive a motion to dismiss. Accordingly, the court denies the motions to amend the complaint as it relates to the addition of Sax, Avea, and the Trust.

### IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion for summary judgment as to claims against HSE and **GRANTS IN PART** and **DENIES IN PART** the motions to amend the complaint in accordance with this order.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**March 3, 2022**
**Charleston, South Carolina**

---

[6] Avea is alleged to be a "member" of the LLC, and any liability that the Trust might face is solely derived from Sax's interests.