IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Hawaii Discount, LLC d/b/a Hawaiidiscount.com, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> Hawaii Sunset Events, LLC d/b/a Chief's Luau, Teuila Hawaii, LLC, and Robert's Hawaii, LLC, <br><br> Defendants. | Civil Action No. 2:21-cv-02011-DCN <br><br> **DEFENDANTS' MOTION FOR PROTECTIVE ORDER IN CONNECTION WITH RULE 30(B)(6) NOTICE AND REQUEST FOR EXPEDITED HEARING** |

Teuila Hawaii, LLC ("Teuila") and Robert's Hawaii, Inc. ("Robert's Hawaii" and, jointly with Teuila, "Defendants"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, respectfully move this Court for a protective order in connection with topic numbers 6, 9, 11 and 12 in Plaintiff's Rule 30(b)(6) Deposition Notice of Teuila and topic numbers 5, 8, 10 and 11 in Plaintiff's 30(b)(6) Deposition Notice of Robert's Hawaii.

Defendants request expedited resolution of this matter because Plaintiff has noticed the subject depositions to occur in Honolulu, Hawaii, on April 25 and April 26, 2023.

**BACKGROUND**

Plaintiff commenced this action alleging that it was a common law partner in one of the most successful luau shows in Hawaii, known as "Chief's Luau." Chief's Luau was created by Folosielu Avea ("Avea"), who is the "Chief" and star of the show, and Edward Sax ("Sax"), the show's promoter. Avea and Sax operated Chief's Luau though Hawaii Sunset Events, LLC

("HSE") and subsequently through Teuila. Currently, the three members of Teuila are Avea, the trustee of the Sax family trust, and Robert's Hawaii.[1]

Hawaii Discount is a South Carolina limited liability company based in Summerville that sells tickets to various tours and attractions in Hawaii, including luau shows, in exchange for commissions. Hawaii Discount entered into agreements in 2012 and 2013 with HSE to provide website and internet marketing services to, and to sell tickets for, Chief's Luau in exchange for fees and commissions. Until 2021, Hawaii Discount sold tickets to the Chief's Luau show, as well many other luaus and other Hawaii tours and events. In July 2021, after Hawaii Discount commenced this lawsuit, Teuila terminated the parties' relationship, stopped accepting bookings from Hawaii Discount, and instructed Hawaii Discount to stop using the Chief's Luau trademarks and other intellectual property.

This Court issued an order granting in part Defendants' motion for summary judgment. (ECF No. 62). The Court dismissed Hawaii Discount's claims alleging that it was a partner in Chef's Luau, which left pending Hawaii Discount's claim for breach of contract against Teuila and for tortious interference with contract against Robert's Hawaii.[2] Plaintiff now seeks as damages the commissions that Hawaii Discount allegedly could have earned selling tickets to Chief's Luau beginning on July 15, 2021, the date on which Teuila terminated its relationship with Hawaii Discount, through January 28, 2023. (*See* Pl's. Supp. Response to Def's Interrogatories dated March 3, 2023, **Exhibit A**.)

---

[1] Robert's Hawaii purchased a majority interest in Teuila in 2020.
[2] Also pending are Teuila's counterclaims against Hawaii Discount and the parties' competing claims concerning ownership of the domain name www.cheifsluau.com.

## FACTS RELEVANT TO THE INSTANT MOTION

1. On January 9, 2023, Plaintiff's counsel sent Defendants' counsel a proposed notice for several depositions, including for Rule 30(b)(6) depositions of Teuila and Robert's Hawaii, attached hereto as **Exhibit B**.

2. On January 13, 2023, Defendants' counsel wrote Plaintiff's counsel regarding objections to certain topics for the 30(b)(6) depositions of Defendants, as outlined below:

- Topic 5 in the Teuila notice (and Topic 7 in the Robert's Hawaii notice) is "Commission paid to Hawaii Discount and the damages suffered by it." First, I don't understand what "it" refers to in this phrase, and the topic generally is unclear. In addition, as you know, we deny that Hawaii Discount suffered any damages whatsoever. We will produce a witness with knowledge of the commissions paid by Teuila to Hawaii, but we object to the remainder of the topic.

- Topic 8 in the Teuila notice is "Chief's Luau's dealings with other ticket sellers." Although we will produce a witness knowledgeable about this topic, we do not agree to have the witness testify regarding the details of Teuila's contractual relationships with other agencies for the same reasons we objected to your prior requests that we produce Teuila's contracts with other agencies.

- Topics 10 and 11 of both notices purport to require the entities to produce a witness with knowledge of all "allegations in the complaint" and all "allegations of the defendants' answer and counterclaim, and discovery responses." These topics are overbroad and invasive of attorney-client privilege and work product. We cannot be expected to produce lay witnesses that can speak knowledgeably regarding every allegation in every pleading and discovery response in the case. Thus, we object to these topics.

(*See* January 13, 2023 letter, attached hereto as **Exhibit C**.)

3. On January 25, 2023, Plaintiff's counsel wrote to Defendants' counsel and advised that he would address the objections of Defendants' counsel. (*See* Emails between Plaintiff's counsel and Defendants' counsel, attached hereto as **Exhibit D**.)

4. On February 14, 2023, Plaintiff's counsel issued a proposed amended Notice of Depositions, attached hereto as **Exhibit E**, which included no revisions to the list of topics for the depositions of Teuila and Robert's Hawaii.

3

5. On February 28, 2023, Defendants' counsel again wrote to Plaintiff's counsel reiterating his same objections that Defendants' counsel raised in response to the prior proposed notice. (*See* February 28, 2023 letter, attached hereto as **Exhibit F**.)

6. On March 6, 2023, Plaintiff's counsel issued another revised Notice of Depositions, attached hereto as **Exhibit G**. The revised notice made only the following changes:

- Added the topic of "Your trademark and copyright claims, including damages asserted" to both the Robert's Hawaii notice and the Teuila notice.[3]

- Changed the topic of "Commissions paid to Hawaii Discount and the damages suffered by it" to "Commissions paid to Hawaii Discount and the damages claimed by Hawaii Discount" in both notices.

Plaintiff's counsel's service letter indicated no further changes would be made in response to Defendants' objections. (*See id*.) Defendants' counsel thus certifies that he conferred with Plaintiff's counsel in an effort to resolve this dispute prior to filing this motion.

**ARGUMENT**

A 30(b)(6) notice, like other forms of discovery, is subject to the limitations of Rule 26. *See, e.g.*, *Garrison Prop. & Cas. Ins. Co. v. Rickborn*, 2016 WL 9649869, at *1 (D.S.C. Oct. 11, 2016) (granting motion for protective order when the proposed topics in a 30(b)(6) notice were not relevant to the claims or defenses at issue and therefore outside the bounds allowed by Rule 26). "The scope of discovery under Rule 26[(b)(1)] is defined by whether the information sought is (1) privileged, (2) relevant to a claim or defense and (3) proportional to the needs of the case." *Machinery Sols., Inc. v. Doosan Infracore Am. Corp.*, 323 F.R.D. 522, 526 (D.S.C. 2018). "Matters outside that scope are not discoverable," *Garrison Prop. & Cas. Ins. Co*, 2016 WL 9649869, at

---

[3] This addition resulted in the renumbering of topics to which objections were raised in the original notice.

4

*1, and the Court may, on motion or its own, limit the extent of discovery if it determines that proposed discovery is outside that scope, Fed. R. Civ. P. 26(b)(2)(C).

In addition to limiting discovery under Rule 26(b)(2)(C), the Court may, for good cause, issue an order protecting a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1); *Allstate Ins. Co. v. Electrolux Home Prod., Inc.*, No. 4:16-CV-03666-RBH, 2019 WL 651637, at *2 (D.S.C. Feb. 15, 2019). In short, "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Electrolux Home Prod., Inc.*, 2019 WL 651637, at *2 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

> **I.    The Court should strike, or limit the scope of, Topic 9 in the Teuila notice and Topic 5 in the Robert's Hawaii notice to protect the identity of, and agreements with, Teuila's ticket sales agents.**

*Topic 9 (Teuila): "Chief (sic) Luau's dealings with other ticket sellers"*

*Topic 5 (Robert's Hawaii): "Operations of Robert's Hawaii related to ticketing and reservations"*

Defendants should not be required to disclose the details of their ticketing agent relationships because it is confidential business information that could be used by Plaintiff, or other competitors of Teuila, to compete with Teuila, and it is not relevant to any issue remaining in this dispute.[4] (*See* Pfund Declaration, **Exhibit H**.)

Plaintiff is a direct competitor of Defendants and sells discounted tickets to almost every luau show that competes with Chief's Luau on Oahu, along with other entertainment events and venues that compete with Robert's Hawaii throughout Hawaii. (*Id.* ¶ 10.) Disclosure to Plaintiff

---

[4] In fact, Topic 5 in the Robert's Hawaii notice is not even limited to ticketing operations concerning Chief's Luau and thus could be construed to require disclosure of confidential information regarding other luaus and events operated by Robert's Hawaii unrelated to Chief's Luau. These operations have no bearing on the instant lawsuit.

5

of Defendants' sales operations, including the details of Defendants' third-party ticketing agency arrangements, could cause significant damage to Defendants' businesses. (*Id*. ¶ 11.) Plaintiff's (and other competitors') use of this information would undermine Defendants' competitiveness in the luau and other entertainment industries in a small and tightly-knit tourism market. (*Id*.)

Plaintiff previously requested this information in discovery, arguing that the information will help "piece together the puzzle of the efforts of Teuila Hawaii and Robert's Hawaii to end the partnership between them and Hawaii Discount." (ECF No. 59 at 2.) Defendants opposed this request, which Plaintiff abandoned after the Court issued its order dismissing Plaintiff's partnership claims. (ECF No. 67 at 9) (finding as "moot" Plaintiff's request for "all contracts between Teuila Hawaii and any third party for ticket sales."). Plaintiff now seeks as actual damages for breach of contract the commissions it alleged that it would have received but for Defendants' termination of the relationship. (*See* Exhibit A.) Plaintiff's expert has produced a report computing those claimed commissions based on Hawaii Discount's own data and information produced by Defendants in discovery. (*See id*.) That Defendants have arrangements for ticket sales with third parties, much less the terms of those arrangements, therefore has no bearing on any remaining issue in dispute.[5] Accordingly, the Court should strike these topics from the Rule 30(b)(6) deposition notices.

---

[5] Hawaii Discount was never the *exclusive* ticket sales agent for Chief's Luau. (ECF No. 46, pp. 4-7.) HSE and Teuila contracted with other ticketing agencies to sell tickets to Chief's Luau, and Hawaii Discount also sold tickets and provided services to *other* luaus that compete with Chief's Luau. Hawaii Discount was not the exclusive, or even the primary, source of ticket sales for Chief's Luau, and Chief's Luau was not the only Hawaiian luau for which Hawaii Discount sold tickets. (*Id*.)

**II.     The Court should strike Topics 11 and 12 in the Teuila notice and Topics 10 and 11 in the Robert's Hawaii notice because these topics are overly broad and would require the designee to reveal attorney work product and attorney-client privileged information.**

*Topic 11 (Teuila) & Topic 10 (Robert's Hawaii): "The allegations of the complaint"*

*Topic 12 (Teuila) & Topic 11 (Robert's Hawaii): "The allegations of the defendants' answer and counterclaim, and discovery responses."*

Defendants should not be required to produce a witness to testify on these topics because they are overly broad. The notice would require Defendants to marshal all of their factual proof regarding every allegation in the parties' pleadings and to reveal their attorney's work product via a corporate designee. Rule 30(b)(6) requires no such thing.

Rule 30(b)(6) requires a party to specify the matters for examination in the notice with "reasonable particularity." To satisfy the "reasonable particularity" requirement, a topic must not be overly broad. *Aikens v. Cianbro Corp.*, C/O No. 0:20-cv-2174-SAL, 2022 WL 171286, *3 (D.S.C. Jan. 19, 2022).

This Court has previously held that topics nearly identical to those at issue here failed to satisfy Rule 30(b)(6)'s "reasonable particularity" requirement. In *Aikens*, the plaintiff's Rule 30(b)(6) notice requested that the defendant produce a witness to testify regarding "the circumstances surrounding the allegations in the Complaint." 2022 WL 171286, at *5. The defendant argued that this topic was overly broad and sought testimony from a corporate representative about the entirety of the allegations set forth in the complaint, the majority of which the defendant denied, and that it would require the defendant to testify regarding legal matters. *Id*. The Court agreed, finding that the topic was overly broad and vague, and granted the defendant's motion for a protective order. *Id*.; *see also Edlen v. Campbell Soup Co.*, 265 F.R.D. 676, 700 (N.D. Ga. 2010) (holding that Rule 30(b)(6) notice requiring defendant to produce a witness with

7

"knowledge of any and all discoverable, non-privileged information regarding the allegations, claims, and defenses appearing in either Plaintiff's complaint or Campbell Soup's answer and written responses to discovery" was overly broad and unreasonable); *Catt v. Affirmative Ins. Co.*, No. 2:08–CV–243–JVB–PRC, 2009 WL 1228605 (N.D. Ind. Apr. 30, 2009) (topic seeking general testimony about allegations of plaintiff's complaint and defendants' answer was overly broad); *In re Independent Service Organizations Antitrust Litigation*, 168 F.R.D. 651, 654 (D. Kan. 1996) (holding that a Rule 30(b)(6) deposition notice requesting that Xerox produce a corporate witness to testify about "facts supporting numerous paragraphs of Xerox's denials and affirmative defenses in its Answer and Counterclaims" was "overbroad, inefficient, and unreasonable," that the topic "implicate[d] serious privilege concerns, and potential problems with confidential information," and granting Xerox's motion for a protective order); *U.S. v District Council of New York City*, 1992 WL 208284, at *15 (S.D.N.Y August 18, 1992) (granting motion for protective order and concluding that Rule 30(b)(6) notice seeking the testimony of a representative to all facts and circumstances surrounding the allegations in the Complaint "would in effect require the Government to marshal all of its factual proof and then provide it to [the 30(b)(6) witness] so that she could respond to what are essentially a form of contention interrogatories. Aside from any issues of privilege, this would be highly inefficient and burdensome, rather than the most direct manner of securing relevant information.").

For these reasons, the Court should strike Topics 11 and 12 in the Teuila notice and Topics 10 and 11 in the Robert's Hawaii notice.

    **III.    The Court should strike the portion of Topic 6 in the Teuila notice and Topic 8 in the Robert's Hawaii notice requesting testimony about "the damages claimed by Hawaii Discount" because Defendants cannot be expected to have knowledge of the damages claimed by Plaintiff.**

*Topic 6 (Teuila): Commissions paid to Hawaii Discount and the damages claims by Hawaii Discount*

*Topic 8 (Robert's Hawaii): Commissions paid to Hawaii Discount and the damages claims by Hawaii Discount*

    Defendants will produce a witness to testify as to Defendants' knowledge of the commissions Teuila paid to Hawaii Discount. But these topics would presumably also require Defendants' designee to study and comment on Plaintiff's expert's damages report. Rule 30(b)(6) requires testimony "about information known or reasonably available to the organization." Rule 30(b)(6), FRCP. It does not require the designee to testify regarding damages alleged by the opposing party. The Court should therefore strike that portion of these topics.

## CONCLUSION

    For all of the above reasons, Defendants request the entry of a protective order regarding topic numbers 6, 9, 11 and 12 in Plaintiff's Rule 30(b)(6) Deposition Notice of Teuila Hawaii, LLC and topic numbers 5, 8, 10 and 11 of Plaintiff's 30(b)(6) Deposition Notice of Robert's Hawaii, and for such further relief as the Court deems proper.

**[SIGNATURES ON FOLLOWING PAGE]**

                    NELSON MULLINS RILEY & SCARBOROUGH LLP

By: <u>s/ MERRITT G. ABNEY</u>
     John C. McElwaine
     Federal Bar No. 6710
     E-Mail: john.mcelwaine@nelsonmullins.com
     Merritt G. Abney
     Federal Bar No. 9413
     E-Mail: merritt.abney@nelsonmullins.com
     151 Meeting Street / Sixth Floor
     Post Office Box 1806 (29402-1806)
     Charleston, SC 29401-2239
     (843) 853-5200

*Attorneys for Teuila Hawaii, LLC and Robert's Hawaii, LLC*

Charleston, South Carolina
March 22, 2023